12-3352-cv
Pines v. Bailey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand fourteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges.*

---

JAMES PINES,

> *Plaintiff-Appellee*,

v.                                                        12-3352-cv

MICHAEL BAILEY,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Plaintiff-Appellee: | JAMES PINES, *pro se*, Bloomfield, CT. |
| For Defendant-Appellant: | THOMAS R. GERARDE (Beatrice S. Jordan, *on the brief*), Howd & Ludorf, LLC, Hartford, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Kravitz, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court denying in part and granting in part the defendant's motion for summary judgment is **REVERSED IN PART** and the matter is **REMANDED** for further proceedings consistent with this order.

Appellant Michael Bailey ("Bailey"), a detective with the Enfield, Connecticut police department, appeals from an order denying his motion for summary judgment, on the ground of qualified immunity, as to *pro se* Appellee James Pines's ("Pines") 42 U.S.C. § 1983 claim of malicious prosecution. Bailey also seeks to appeal the district court's denial of his motion for summary judgment as to Pines's state-law claim of negligent infliction of emotional distress.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review, which we reference only as necessary to explain our decision.

We review *de novo* the denial of a summary judgment motion on qualified immunity grounds. *See Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While we generally lack jurisdiction to consider the denial of summary judgment, an exception exists when the district court has rejected a qualified immunity defense raised in the motion. *See Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007). Our jurisdiction, however, is "limited to circumstances where the qualified

---

[1] Neither party addressed the district court's grant of summary judgment in favor of Bailey on Pines's state-law claim of intentional infliction of emotional distress; we do not disturb that ruling on appeal.

immunity defense may be established as a matter of law." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). In situations where the district court has identified a disputed issue of fact, therefore, the party asserting the qualified immunity defense may obtain interlocutory review by asserting an entitlement to the defense under the plaintiff's version of the facts. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Thus, for purposes of this appeal, we must analyze the facts in the light most favorable to Pines, focusing our review on the legal question whether the disputed facts identified by the district court are, in fact, material. *Id.*

Pines's § 1983 malicious prosecution claim is premised on statements made by Bailey in an affidavit he submitted in support of a warrant for Pines's arrest on the Connecticut state law charge of reckless endangerment in the first degree. Pines alleges that, in his affidavit, Bailey intentionally or recklessly made false statements and omitted material information necessary for the magistrate to make an adequate probable cause determination. "Qualified immunity shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware." *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013). Although "[o]rdinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause," *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (internal quotation marks omitted), "[w]here an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, the shield of qualified immunity is lost," *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir.1994) (internal quotation marks and ellipsis omitted). To state a claim on the basis of a misleading warrant, therefore, a plaintiff must establish that the defendant "intentionally or recklessly made false statements in the warrant

3

application" and "those statements were *necessary* to the finding of probable cause." *Loria v. Gorman*, 306 F.3d 1271, 1289 (2d Cir. 2002) (emphasis added).

To determine whether errors in an affidavit were "necessary" to the probable cause finding, we rely upon the "corrected affidavit doctrine," under which errors in the affidavit "are not material if, after crossing out any allegedly false information and supplying any omitted facts, the 'corrected affidavit' would have supported a finding of probable cause." *Velardi*, 40 F.3d at 573. We conclude that the errors in Bailey's affidavit were not material. Bailey's affidavit, when corrected, would still aver that Pines's pistol and shotgun were found in his home, loaded, visible, and in locations easily accessible to his children. From these facts, the judge who issued the warrant could reasonably conclude that the condition of the firearms demonstrated an "extreme indifference to human life" that created "a risk of serious physical injury" to Pines's children, and that – as the owner of the firearms, recently present in the home – Pines was responsible for their condition. *See* Conn. Gen. Stat. § 53a-63(a); *see also Escalera*, 261 F.3d at 743 (finding probable cause where the officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime") (internal quotation marks omitted); *State v. Vitale*, No. CR8-930111888S, 1994 WL 282254, at *5 (Conn. Super. Ct. June 21, 1994) (observing, in a second degree reckless endangerment case, that "the defendant . . . should have known that leaving firearms and ammunition together with children alone in the house posed a substantial and unjustifiable risk of physical injury to the children or others").

Contrary to the district court's finding, including in the affidavit Pines's statement that he intended to retrieve his pistol and omitting the erroneous assertion that Pines stated that the pistol

4

was loaded would not have altered this analysis.  At a minimum, the corrected affidavit would still support the reasonable inference that Pines left a loaded pistol accessible to his children *before* he purportedly attempted to retrieve it, permitting Bailey and a reasonable magistrate to conclude that probable cause existed to initiate a prosecution for reckless endangerment.  S*ee Zalaski*, 723 F.3d at 389-90, 393 (2d Cir. 2013) (affording greater "latitude" to officers assessing intent to commit a crime incident to arrest); *State v. Otto*, 43 A.3d 629, 639 (Conn. 2012) ("Because direct evidence of the accused's state of mind is rarely available . . . intent is often inferred from conduct . . . and from the cumulative effect of the circumstantial evidence and the rational inferences drawn therefrom." (omissions in original)).  Because the evidence, viewed in the light most favorable to Pines, discloses "no *genuine* dispute" as to the existence of probable cause, *Walczyk*, 496 F.3d at 158, Bailey is entitled to qualified immunity as a matter of law.  Accordingly, we reverse the district court's denial of Bailey's summary judgment motion on that ground and remand for the entry of judgment on Pines's § 1983 claim.

We may also exercise pendent jurisdiction over issues not ordinarily subject to interlocutory review whenever  "(1) they are inextricably intertwined with the determination of qualified immunity or (2) their resolution is necessary to ensure meaningful review of the district court's ruling on qualified immunity." *Savino*, 331 F.3d at 71-72 (internal quotation marks omitted). Bailey has not advanced any argument as to why this Court should exercise pendent jurisdiction over Pines's negligent infliction of emotional distress claim, nor is it apparent that either of the above-mentioned factors is satisfied. We therefore decline to exercise pendent jurisdiction over this claim.

We have considered all of Pines's remaining arguments and find them to be without merit. Accordingly, we **REVERSE** the denial of summary judgment on the ground of qualified immunity

5

as to Pines's § 1983 claim and **REMAND** this matter to the district court so that it may enter judgment in favor of Bailey on Pines's § 1983 claim and determine whether to continue exercising supplemental jurisdiction over Pines's remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk